This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Vonda Kay Gaffney has appealed her conviction for burglary from the Summit County Common Pleas Court. This Court affirms.
 I.
Defendant was indicted by the Summit County Grand Jury for one count of burglary, a violation of R.C. 2911.12(A)(2). The case proceeded to trial before a jury. On May 9, 2000, the jury found Defendant guilty. The trial court sentenced Defendant accordingly. Defendant timely appealed, asserting two assignments of error. This Court will consolidate Defendant's arguments because they are interrelated.
 II. Assignment of Error Number One [Defendant's] conviction for burglary was based upon insufficient evidence as a matter of law.
 Assignment of Error Number Two [Defendant's] conviction for burglary was against the manifest weight of the evidence.
In her first and second assignments of error, Defendant has asserted that her conviction was not supported by sufficient evidence and that the conviction was against the manifest weight of the evidence. Specifically, Defendant has argued that there was no evidence at trial that anyone saw her enter Evern Clark's apartment. This Court disagrees.
"[A]s an initial matter, * * * evaluations of the sufficiency of the evidence put forth by the state and the weight of the evidence adduced at trial are separate and legally distinct determinations." State v. Gulley
(Mar. 15, 2000), Summit App. No. 19600, unreported. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion.Id. at 390 (Cook, J. concurring). In determining whether the state has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the state. Gulley, supra. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
R.C. 2911.12(A) provides:
 (A) No person, by force, stealth, or deception, shall do any of the following:
* * *
 (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]
At trial, Evern testified that she had allowed Defendant and Defendant's daughter to reside in her apartment from approximately July to September 1998. Evern stated that she gave them each a key to her apartment, but only received one key when the two women moved out. During early January 2000 Evern went to California for a friend's funeral. Evern stated that her neighbor Glenna Hood and boyfriend Larry Campbell knew that she left for California. She left her apartment key with Larry so that he could collect her mail and check on the apartment. While in California, Evern received a phone message from her landlord that her lock had been changed because her apartment had been burglarized. When she returned, Evern discovered that her VCR, cable box, remote controls, TV, cordless phone, two pair of clippers, two men's rings, curling irons, and waffle iron were stolen.
Next, Larry testified that he went to check on Evern's apartment on the night in question and noticed that her VCR, cable box, remote controls and TV were missing. He stated that he used Evern's key to enter the premises and did not notice any damage to the front door. He immediately went downstairs to tell the neighbor Glenna what he observed. While at Glenna's house, Larry telephoned the police.
Glenna testified that prior to Larry's arrival, she had heard someone knocking at Evern's apartment. When she heard the individual use a key to enter the apartment, Glenna called Evern's house to see who would answer. No one answered the phone, yet Glenna still heard someone upstairs. She was about to call the police when her telephone rang. The caller identified herself as "Vonda" and stated that Evern had allowed her to enter the apartment to use hair curlers. Glenna recognized the voice as Defendant's because she would often talk to Defendant when Defendant lived with Evern. Lastly, Glenna explained that the caller was able to call her back because Evern had caller ID, which would list her phone number.
Detective Darnell Parnell testified that he was employed in the burglary unit of the Akron Police Department. He was assigned to investigate the case. Detective Parnell interviewed Evern when she returned home. Finally, Detective Parnell testified that when he interviewed Defendant she denied visiting Evern's apartment.
After thoroughly reviewing the record, this Court concludes that a rational trier of fact could have found that Defendant committed the offense of burglary. The evidence at trial established that Defendant had a key to Evern's apartment. Glenna further recognized Defendant's voice on the telephone. This Court concludes that the jury did not lose its way in finding Defendant guilty of burglary. Defendant's arguments are not well taken.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ JOHN W. REECE
BATCHELDER, P. J., WHITMORE, J., CONCUR.
(Reece, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)